J-A25007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                     :
                                     :
                    v.              :
                                     :
SVYATOSLAV BURIK,             :
                                     :
            Appellant     :    No. 228 EDA 2015

Appeal from the Judgment of Sentence December 16, 2014,
Court of Common Pleas, Bucks County,
Criminal Division at No. CP-09-CR-0003246-2014

BEFORE: DONOHUE, MUNDY and FITZGERALD, J.[*]

CONCURRING AND DISSENTING STATEMENT BY FITZGERALD, J.:

**FILED DECEMBER 18, 2015**

I agree with the majority that Appellant's communications were sufficient to sustain his convictions for stalking, harassment, and terroristic threats against St. Mary's. I also concur in the majority's decision to find waiver of Appellant's sufficiency challenge to his conviction on Count Four for terroristic threats against Joshua Aybinder. However, I respectfully disagree with the majority's conclusion that the evidence was sufficient to sustain the conviction on Count Three for terroristic threats based on his February 16, 2010 message to Aybinder.

---

[*] Former Justice specially assigned to the Superior Court.

It is undisputed that Aybinder testified only that the February 16, 2010 message was "alarming" and "threatening in nature." The Commonwealth presented no further evidence regarding what the message said. The majority affirms the conviction based on the totality of the circumstances, namely, Appellant's prior behavior while undergoing a catheterization in February 2009 and Aybinder's responses to the Appellant's February 16, 2010 message.

As to the February 2009 incident, Aybinder was unable to recall any detail regarding Appellant's conduct, the content of Appellant's statements, or which statements Appellant directed at him. As to Appellant's February 16, 2010 message, Aybinder testified he reported the message to hospital administrators. However, he deleted the message after the hospital informed him it would not take action against Appellant.

Without further evidence, I am of the view that the totality of the circumstances does not support the inferences that the February 16, 2010 message threatened Aybinder with a crime of violence or that Appellant conveyed such a threat with the intent terrorize. *See* 18 Pa.C.S. § 2706(a)(1) & cmts. ("[T]he purpose of the section is to impose criminal liability on persons who make threats which **seriously** impair personal security or public convenience."). Accordingly, I would vacate Appellant's terroristic threats conviction under Count Three.

Thus, I respectfully concur in part and dissent in part.